UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                          No. 01-4050

WILLIAM ARTHUR BROWN,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-92-270-MU)

Submitted: October 10, 2002

Decided: October 28, 2002

Before WILKINS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Neil I. Jacobs, NEIL I. JACOBS LAW OFFICES, Rockville, Maryland, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William Arthur Brown was convicted of one count of engaging in a criminal enterprise ("CCE") (Count 1), one count of conspiracy to possess with intent to distribute and for distributing heroin, (Count 2), and four counts of money laundering (Counts 5, 6, 7 & 10). The court sentenced Brown to a term of 360 months imprisonment for Counts 1 and 2 and to a term of twenty years each for Counts 5, 6, 7 & 10 to be served concurrently with each other and with his 360-month sentence.

On appeal, we affirmed all of Brown's convictions except for his CCE conviction, which we reversed. *United States v. Brown*, 202 F.3d 691 (4th Cir. 2000). We remanded the case to the district court with instructions to resentence Brown regarding his 360-month unitary sentence in light of the fact that his CCE conviction had been reversed. *Id.* at 704.

After holding a hearing, the district court resentenced Brown to 360 months of imprisonment for Count 2 and again imposed 240-month sentences for Counts 5, 6, 7 and 10, to run concurrently to each other and his 360-month sentence. On appeal, Brown raises several issues. For the reasons that follow, we affirm his sentence.

First, we do not find that the district court abused its discretion by declining to appoint Brown new counsel at resentencing. *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994); *see also United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988) ("A request for change in counsel cannot be considered justifiable if it proceeds from a transparent plot to bring about delay.") (citation omitted).

Second, Brown alleges that the district court erred by failing to dismiss the indictment against him because drug amounts were not contained in the indictment. Brown relies on the Supreme court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and this court's decision in *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *rev'd*, 122 S. Ct. 1781 (2002), for this argument. Brown con-

cedes in his brief on appeal, however, that we review this claim only for plain error. Fed. R. Crim. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). Because the Government gave Brown proper notice of its intention to seek an enhanced penalty, under 21 U.S.C. § 851 (2000), and because Brown was sentenced within the statutory maximum of thirty years, under 21 U.S.C. § 841(b)(1)(C) (2000), *Apprendi* and *Cotton* provide Brown no relief. Thus, this claim fails.

Third, Brown alleges a violation of double jeopardy for Count 2. Because his CCE conviction was dismissed, however, he has no grounds for such an argument. Indeed, this court addressed and dismissed this contention in his prior appeal. *Brown*, 202 F.3d at 703.

Next, Brown alleges that he was sentenced in excess of the statutory maximum for Count 2. For the reasons previously discussed, this claim is without merit. To the extent that Brown alleges the Government's § 851 notice was insufficient, this issue is foreclosed by the mandate rule. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993).

Finally, Brown argues that the district court improperly held him responsible for 3.6 kilograms of heroin. This claim fails, as Brown did not contest the kind and amount of drugs for which he was held responsible in his initial appeal, and thus, this court affirmed those very findings. *Brown*, 202 F.3d at 703-04. Accordingly, he is barred from challenging those findings in his subsequent remand and appeal. *Bell*, 5 F.3d at 66. To the extent that Brown alleges a violation under *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on rehearing en banc*, 218 F.3d 310 (4th Cir.), *and cert. denied*, 530 U.S. 1222 (2000), the claim fails, in any event, because cocaine and heroin have the same maximum penalties.

Accordingly, we affirm Brown's sentence. We deny Brown's motion to reconsider the court's order granting the Government's motion to submit the case on briefs without oral argument. The facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*